## Iorio v. Carnegie Borough

*Patrick R. Riley*, for defendant.
*Robert H. Somerton*, for additional defendant.

WETTICK, *J.*, January 14, 1980—This is a personal injury action brought against the Borough of Carnegie for injuries sustained from a fall on a sidewalk. The borough joined the owner of the property on which the sidewalk is located on a claim of indemnity and primary liability. The property owner was not insured and the borough has served him with written interrogatories seeking information regarding his ability to pay a potential judgment including a listing of his assets, liabilities and annual income. The property owner has objected to these interrogatories on the grounds that they request information which is not relevant to the subject matter of this suit. Presently before this court is Carnegie's motion to compel answers to these interrogatories.

The general scope of discovery is set forth in Pa.R.C.P. 4003.1 which reads as follows:

"Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

This Rule does not permit discovery of the assets, liabilities and income of a party against whom a judgment may be entered; such information neither relates to the claim or defense of any party to the action nor is reasonably calculated to lead to the discovery of admissible evidence. See, generally, 10 Goodrich-Amram 2d §§4003.2:1-4003.2:3.

The Rules of Civil Procedure governing discovery recognize that disclosure prior to trial of facts regarding the ability of a defendant to pay a potential judgment may assist other parties in trial preparation and settlement negotiations. Consequently the general scope of discovery set forth in Rule 4003.1 is broadened by Rule 4003.2 to permit a party to obtain discovery of the existence and terms of any insurance agreement that may be available to satisfy part or all of any judgment. However, this Rule is of no benefit to Carnegie because it expressly limits discovery to insurance agreements. Moreover, because the question of whether to permit discovery of a party's private financial status would arise in considering whether to permit discovery of insurance coverage, the limitation on the scope of Rule 4003.2 to insurance coverage shows that the Supreme Court intended to bar discovery of a party's assets where the sole purpose of such discovery is to determine a party's ability to pay a potential judgment.

According to the Civil Procedural Rules Committee explanatory note to Pa.R.C.P. 4003.2, this Rule "codifies the decision of the Pennsylvania Supreme Court in Szarmack v. Welch, 456 Pa. 293, 318 A. 2d 707 (1974), permitting discovery of insurance [coverage]" and "makes no change in present practice." The court's opinion in Szarmack v. Welch recognized that its ruling was not intended to compel disclosure of personal assets.

"Basically, he [appellant] asserts that insurance coverage is no different from other private financial information which determines the defendant's ability to pay a potential judgment. We cannot agree. Insurance coverage is not in the same category with the defendant's other assets. The worth of such coverage is contingent on recovery by the plaintiff, and its sole purpose from the defendant's point of view is to protect his other assets. This is not to require disclosure of the private financial status of an individual, but merely to reveal the extent of protection which was purchased specifically for such eventuality. As we have noted, the defendant (presumably the person whose privacy would be violated) is not the party resisting disclosure since such disclosure would tend to dispose of claims within policy limits and relieve defendant of personal exposure." 456 Pa. at 299-80, 318 A. 2d at 710-11.

Also see Adams v. Rio Paper Co., 75 D. & C. 2d 119 (1975), and McDonald v. Gross, 47 D. & C. 2d 68 (1969), which prior to the adoption of the new discovery rules held that the case law permitting discovery of insurance coverage would not be extended to permit discovery of personal assets. See, however, Clark v. Loughrey, 56 Del. Co. 292 (1969), which reached the opposite result.

This distinction between disclosure of personal assets and disclosure of insurance coverage which the Pennsylvania Supreme Court has drawn is based on obvious policy considerations. The disclosure of personal assets constitutes an invasion of privacy and the Supreme Court has never required the disclosure of such information until liability has been established. See Pa.R.C.P. 3117 which permits a judgment creditor "at any time after judg-

ment" to discover the assets of the defendant. The disclosure of insurance coverage, on the other hand, invades no party's privacy while enabling other parties to the litigation to prepare more realistically for trial and to engage in meaningful settlement negotiations.

Because no rule of discovery permits a party to discover the financial status of other parties to the action solely for the purpose of determining a party's ability to pay a potential judgment, Carnegie's motion to compel answers to interrogatories seeking such information must be denied.

## ORDER

On this January 14, 1980, it is hereby ordered that the objections of additional defendant to defendant's interrogatories are sustained and defendant's motion to compel answers to interrogatories is denied.